UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMM, | § | |
|       Petitioner, | § | |
| v. | § | SA-25-CV-1210-FB (HJB) |
| WARDEN BOBBY THOMPSON South Texas ICE Processing Center; MIGUEL VERGARA Field Office Director, San Antonio Field Office, United States Immigration and Customs Enforcement; ACTING DIRECTOR TODD M. LYONS United States Immigration and Customs Enforcement; KRISTI NOEM Secretary of Homeland Security; and US ATTORNEY GENERAL PAMELA BONDI; in Their Official Capacities, | § | |
|       Respondents. | § | |

**ORDER**

Before the Court is the status of the above case, which the District Court referred to the undersigned for all pretrial proceedings, including any requests for injunctive relief. (*See* Text Entry Oct. 21, 2025.)

The Court held a Status Conference in this case on October 24, 2025, at which the parties urged the undersigned, without further briefing or hearing, to issue a Report and Recommendation as to both Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket Entry 1) and Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction Ordering Release Pending Final Judgment (Docket Entry 5). After careful review of the parties' briefs as to both the petition and the preliminary motion, the Court believes that additional briefing is needed, and that additional argument may be necessary, before it can issue the appropriate Report

and Recommendation as the parties have urged.

Accordingly, it is hereby **ORDERED** as follows:

1) **On or before November 10, 2025**, the parties must file supplemental briefing on the relevance of the Supreme Court's opinions in *Riley v. Bondi*, 145 S. Ct. 2190 (2025), and *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021), to the Government's argument that Petitioner's claims are foreclosed by 8 U.S.C. § 1231, which "make[s] detention mandatory after removal has become administratively final." *Riley*, 145 S. Ct. at 2199 (citation modified). *See Guzman Chavez*, 594 U.S. at 539 (in considering detention issue, holding that "the finality of the order of removal does not depend in any way on the outcome of the withholding-only proceedings."); *Riley*, 145 S. Ct. at 2199 (discussing *Guzman Chavez* and rejecting argument that removal order cannot become final "until the conclusion of withholding-only proceedings").

2) After consideration of the parties' supplemental briefing, the Court will decide whether to set the case for expedited hearing regarding Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction Ordering Release Pending Final Judgment (Docket Entry 5). If the Court determines that a hearing is necessary, it will consider only those legal arguments that have been raised by the briefing, and it will consider additional evidence only as to factual developments which have arisen since the October 24, 2025, status conference.[1]

---

[1] However, Respondents must be prepared at the hearing, if any, to address Petitioners' arguments regarding 8 C.F.R. § 1208.2(c)(3) (*see* Docket Entry 1, at 9–11; Docket Entry 5, at 9), which Respondents have not addressed anywhere in their responsive pleadings.

**SIGNED** on November 4, 2025.

_____
Henry J. Bemporad
United States Magistrate Judge