IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMM, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. SA-25-cv-01210-FB |
| | § | |
| WARDEN BOBBY THOMPSON, | § | |
| South Texas ICE Processing Center; | § | |
| MIGUEL VERGARA, Field Office | § | |
| Director, San Antonio Field Office, | § | |
| United States Immigration and | § | |
| Customs Enforcement; KRISTI NOEM, | § | |
| Secretary of Homeland Security; ACTING | § | |
| DIRECTOR TODD M. LYONS, United | § | |
| States Immigration and Customs | § | |
| Enforcement; and US ATTORNEY | § | |
| GENERAL PAMELA BONDI, In | § | |
| Their Official Capacities, | § | |
| | § | |
| *Respondents*. | § | |

**ORDER ACCEPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Report and Recommendation of United States Magistrate Judge (docket no. 43) recommending this habeas petition be granted in part and denied in part, and the motion for preliminary relief be dismissed as moot, along with Respondents' written objections (docket no. 45) thereto.

Legal Standard

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need

only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed Respondents' submission in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit.

## Background

As set forth in the Report and Recommendation, Petitioner is an Argentine national who entered the United States on September 13, 2023, pursuant to the Visa Waiver Program ("VWP"). The VWP allows eligible aliens "to apply for admission to the United States for [90] days or less as non-immigrant visitors without first obtaining a visa." *McCarthy v. Mukasey*, 555 F.3d 459, 459–60 (5th Cir. 2009). But in exchange, such aliens "must waive any right to contest" any action for removal, "other than on the basis of an application for asylum." *Id*. at 460 (citation modified). "This waiver is the linchpin of the program; it allows VWP participants to enter the country expeditiously while streamlining their removal." *Lavery v. Barr*, 943 F.3d 272, 273 (5th Cir. 2019).

Petitioner's admission under the VWP was "for a temporary period not to exceed December 11, 2023." (Docket no. 15-1, at 4). Prior to the expiration of this period, Petitioner filed an application for

asylum with USCIS. On December 3, 2023, USCIS notified Petitioner that he application had been received and informed Petitioner that she "may remain in the U.S. until [her] asylum application is decided." (Docket no. 1-2, at 2). Petitioner subsequently received employment authorization, obtained a Texas driver's license, and was commissioned as notary public by the State of Texas.

On September 15, 2025, the Assistant Director of the ICE Field Office in Pflugerville, Texas, issued a Visa Waiver Program (VWP) Final Administrative Removal Order ("VWP FARO") against Petitioner. Later that day, she was taken into ICE custody.

It is undisputed that the issuance of a VWP FARO by an immigration officer accords with the applicable regulation. That regulation provides that removability of VWP overstays "shall be determined by the district director who has jurisdiction over the place where the alien is found, and shall be effective without referral of the alien to an immigration judge for a determination of deportability." 8 C.F.R. § 217.4(b)(1) (Nov. 28, 2009); *see also Zine v. Mukasey*, 517 F.3d 535, 543 (8th Cir. 2008) ("Aliens admitted under the VWP are not eligible for removal proceedings, only asylum-only proceedings.").

While in custody, Petitioner was notified that she had been ordered removed pursuant to § 217 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1187, for having "remained in the United States beyond December 11, 2023," in violation of the conditions of her admission under the VWP. (Docket no. 15-1). Respondents referred Petitioner's asylum claim to an immigration judge on October 21, 2025, where it remains pending.

On September 26, 2025, Petitioner filed her petition for a writ of habeas corpus, seeking release from custody or, in the alternative, an immediate bond hearing. That same day, Petitioner separately

filed a motion for temporary restraining order and preliminary injunction, asking the Court to temporarily grant her the same relief requested in her petition.

On November 18, 2025, the Magistrate Judge Henry J. Bemporad issued a Report and Recommendation recommending that Respondents be ordered to release Petitioner from their custody during the pendency of her asylum-only proceedings, and that Petitioner's motion for a temporary restraining order and preliminary injunction be dismissed as moot. Respondents timely filed objections on November 25, 2025.

## Analysis

Respondents first object to the finding that the Court has jurisdiction to hear and rule on the petition despite Respondents' arguments to the contrary. Specifically, Respondents contend 8 U.S.C. § 1252(g) precludes review of Petitioner's claims because she directly challenges ICE's decision to execute an administratively final order of removal under VWP.

As discussed in the Report and Recommendation, Petitioner does not attack her removal order. Rather, she challenges her detention during the pendency of her asylum-only proceedings. Such challenges are within the Court's jurisdiction. (Docket no. 43 at 4) (citing *Vargas v. U.S. Dep't of Homeland Sec.*, No. 1:17-CV-356, 2017 WL 962420, at *2 (W.D. La. Mar. 10, 2017) ("The right to challenge detention pending removal is independent of the right to challenge a final order of removal."); *Kim v. Obama*, No. EP-12-CV-173-PRM, 2012 WL 10862140, at *1 (W.D. Tex. July 10, 2012) ("The Real ID Act does not . . . preclude habeas review of challenges to detention that are independent of challenges to removal orders.")). Accordingly, this Court has jurisdiction to consider Petitioner's claims.

Respondents next argue that Petitioner is subject to an administratively final order of removal. This Court agrees with Respondents that the VWP FARO in this case is certainly an order of removal. It states that Petitioner is "removable as charged [under the VWP] and order[s] that [she] be removed from the United States . . . to: Argentina." (Docket no. 15-1, at 3). However, courts of appeals that have considered the issue in the past have all held that a FARO in a VWP case is not final until the alien's asylum application, if any, has been denied. (Docket no. 43 at 6-7) (citing *Nicusor-Remus v. Sessions*, 902 F.3d 895, 898 (9th Cir. 2018) ("[T]he denial of an asylum application in asylum-only proceedings 'finalizes' DHS's removal order of a VWP entrant because the VWP entrant is entitled to no other forms of relief."); *Mitondo v. Mukasey*, 523 F.3d 784, 787 (7th Cir. 2008) (Easterbrook, J.) (construing "the final disposition of an asylum-only proceeding" in VWP case as the "final order[] of removal"); *Shehu v. Attorney Gen. of U.S.*, 482 F.3d 652, 656 (3d Cir. 2007) ("[D]enial of a VWP applicant's petition for asylum . . . constitutes 'a final order of removal,' . . . as the alien is entitled to no further process before deportation."); *Kanacevic v. I.N.S.*, 448 F.3d 129, 134 (2d Cir. 2006) ("[B]ecause of the truncated rights available to a Visa Waiver Applicant, the denial of the asylum application is in effect a final order of removal."); *Nreka v. United States Atty. Gen.*, 408 F.3d 1361, 1367 (11th Cir. 2005) ("The denial of an asylum application in a VWP proceeding is so closely tied to the removal of the alien that it can be deemed. . . a final order of removal."); *Salomao v. Garland*, No. 20-1856, 2022 WL 1301773, at *3 (4th Cir. May 2, 2022) ("[D]enying a VWP participant's relief in an asylum-only proceeding functions like a final order of removal.")). "As one appellate court explained, courts must distinguish between the 'removal order' (*i.e.*, DHS's determination that a VWP entrant is removable) and the action that makes the removal order 'final'–the immigrant judge's denial of asylum (or any other form of available relief)." (*Id.*) (quoting *Nicusor-Remus*, 902 F.3d at 898).

Therefore, under the reasoning of these courts, if a VWP participant like Petitioner applies for asylum, the VWP FARO will not become final unless and until the asylum claim is denied.

Additionally, as the Magistrate Judge's discussion points out, the Supreme Court's articulated reason for concluding that withholding-of-removal proceedings do not affect the finality of a removal order–*i.e.*, that such relief "says nothing . . . about whether an alien is to be removed from the United States"–suggests that ongoing asylum-only proceedings render a FARO not administratively final under 8 U.S.C. § 1231. (*Id.*) (quoting *Johnson v. Guzman Chavez,* 594 U.S. 523, 536 (2021)); *see also Riley v. Bondi*, 606 U.S. 259, 271 (2025) (extending *Guzman Chavez* beyond administrative finality to finality of removal order in general). This reasoning accords with the prior circuit precedent outlined above, which uniformly indicates that a VWP FARO is not final unless, and until, the asylum-only proceedings have concluded in a denial of asylum. Based on the foregoing, the Court find that, while Petitioner's asylum-only proceeding is ongoing, the VWP FARO in her case is not a final order of removal for purposes of transitioning Petitioner from an 8 U.S.C. § 1226(a) discretionary detainee to an 8 U.S.C. § 1231(a)(2) mandatory detainee.

Respondents finally argue that the Magistrate Judge erred by recommending that this Court grant Petitioner relief without addressing the parties' constitutional arguments. As noted in the Report and Recommendation, "[t]he petition presents both a statutory and a constitutional basis for relief." (Docket no. 43 at 5). The statutory dispute as to whether Petitioner's detention during the pendency of her asylum-only proceedings is mandatory turns on whether she is detained under § 1226(a) or § 1231(a)(2). "If the answer is § 1226," as Petitioner argues, then she "may receive a bond hearing before an immigration judge," and hence her detention is not mandatory. *See Guzman Chavez*, 594 U.S. at 526.

"If the answer is § 1231," as Respondents argue, then she "is not entitled to a bond hearing," and hence her detention is mandatory. *See id*.

For the reasons set out above and further stated in the Report and Recommendation, this Court agrees with the Magistrate Judge that Petitioner is detained pursuant to § 1226(a), rather than § 1231(a)(2). And, because Petitioner is entitled to relief on the basis of the applicable statute, the Court further agrees with the Magistrate Judge that it is not necessary to reach the parties' constitutional arguments.

IT IS THEREFORE ORDERED that the Report and Recommendation of the United States Magistrate Judge (docket no. 43) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (docket no. 1) is GRANTED IN PART, and that Respondents are ORDERED to release Petitioner from their custody during the pendency of her asylum-only proceedings. In all other respects, the Petition is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (docket no 5) is DISMISSED AS MOOT. .

IT IS FINALLY ORDERED that remaining motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 26th day of November, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE